IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60258
Summary Calendar

_____

WILLIAM KENNETH McLAIN,

                                        Plaintiff-Appellee,

                    versus

CITY OF JACKSON, MISSISSIPPI,
A Municipal Corporation, ET AL.,

                                        Defendants,

        and

R. D. JORDAN and AL LEDOUX,

                                        Defendants-Appellants.

_____

Appeal from the United States District Court for
the Southern District of Mississippi
(3:94-CV-557-BrN)

_____
October 1, 1996

Before REAVLEY, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

    William McLain was arrested and detained for almost five

months after Channon Patterson identified him from a photograph

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

lineup as the man who kidnaped and sexually assaulted her. After the state dropped the case, McLain sued the City of Jackson, Mississippi, R.D. Jordan and Al Ledoux, alleging causes of action under 42 U.S.C. § 1983 and state law. Jordan and Ledoux are police officers who were involved in McLain's arrest and interrogation.

Defendants filed a motion to dismiss or in the alternative for summary judgment, seeking dismissal of the § 1983 claims. Jordan and Ledoux claimed qualified immunity. The court treated the motion as one for summary judgment and denied it, concluding that a material issue of fact had been raised on the immunity defense. The court reserved ruling on the state law claims. Jordan and Ledoux bring this interlocutory appeal of the order insofar as it denied summary judgment based on the qualified immunity defense.

The denial of a motion for summary judgment ordinarily is not appealable. An exception allowing for interlocutory appeal exists where the motion is based on qualified immunity and the review "turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

The district court, in its memorandum opinion and order, correctly applied the law of qualified immunity in this context. The complaint alleges that the defendants wrongfully and maliciously arrested, detained and assisted in the prosecution of

2

McLain. Qualified immunity does not shield an arresting officer from liability for objectively unreasonable conduct which results in an arrest without probable cause. *Malley v. Briggs*, 475 U.S. 335, 345 (1986); *Sanders v. English*, 950 F.2d 1152, 1160 (1992). Likewise, the officer's failure to disclose patently exculpatory evidence, which results in the continued detention or prosecution of the arrestee, can also give rise to § 1983 liability. *Id*. at 1162-63.

The district court ruled that disputed issues of fact were presented which precluded summary judgment based on qualified immunity. The court considered evidence in the pretrial record that while Patterson reported that her assailant had a mustache and below shoulder length hair, McLain was clean shaven and had short hair. He offered the officers the names of an alibi witness, whom he claimed was with him at the time of the assault on Patterson, and his haircutters and business associates who would verify that he never had shoulder length hair and a mustache. He claimed that the police never contacted these witnesses, and rejected his offers to submit to a lie detector test, truth serum test, hypnosis, and physical lineup. In moving to drop the charges, an assistant district attorney verified that McLain was the only person in the photograph lineup who did not have a mustache and long hair.

McLain also claimed in his affidavit that Ledoux harbored an intense dislike for him, and manifested this feeling during several incidents preceding McLain's arrest, including the making of false reckless driving charges. McLain claimed that this animosity stemmed from an incident in which McLain accompanied Ledoux on a drug raid, and cash seized by Ledoux was not deposited in the evidence depository. This evidence not only raises an issue as to Ledoux's animosity toward McLain, but also as to Ledoux's knowledge of McLain's physical attributes.

Although Patterson testified in her deposition in this civil case that McLain was in fact the assailant, she also precipitated the dismissal of the criminal charges by expressing doubts that she could identify McLain in court, and a desire that the charges be dropped. There was also some evidence in the record indicating that Patterson told the police her assailant had blue eyes, that McLain has brown eyes, and that the offense report box for "eyes" was left blank.

While appellants point out that an independent grand jury returned an indictment against McLain for the kidnaping and assault of Patterson, it is unclear from this record that the grand jury relied on any information that was not provided by the police. Further, we held in *Sanders* that a police officer cannot escape § 1983 liability merely because he could not unilaterally terminate the prosecution, in cases where a jury could find that

4

the officer could have influenced the prosecuting attorney into dropping the charges.  950 F.2d at 1162.

Given this evidence the court concluded, and we agree, that material issues of fact had been raised on the application of the qualified immunity defense.  Because the "order in question resolved a *fact*-related dispute about the pretrial record, namely whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial," this court has no jurisdiction to review it via an interlocutory appeal.  *Johnson v. Jones*, 115 S. Ct. 2151, 2153 (1995).

DISMISSED.